UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **EDWARD HARRIS,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 2:23-cv-00843-RDP |
| } | |
| **SPECTRUM SOUTHEAST LLC,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Defendant/Counterclaim Plaintiff Alabama Power Company's Motion to Realign Parties. (Doc. # 53). This matter has now been fully briefed (Doc. # 53).[1] As discussed further below, the Motion (Doc. # 53) is due to be granted.

Alabama law permits the realignment of parties under appropriate circumstances. *See, e.g.*, *Ex parte State ex rel. James*, 711 So. 2d 952, 968 (Ala. 1998) (noting that "realignment of parties is permissible under the Alabama Rules of Civil Procedure"). Further, "there exists also a strong federal preference to align the parties in line with their interests in the litigation." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012). Further, in a diversity case such as this one, "federal courts are required to realign the parties in an action to reflect their interests in the litigation." *Id.* However, as the former Fifth Circuit has noted, "[f]acts forming the basis of

---

[1] The non-movants, Defendant Spectrum Southeast LLC and Plaintiff Edward Harris, have not filed a Response. According to Exhibit B of the court's Initial Order (Doc. # 14), the non-movant's response brief shall be filed no later than ten (10) calendar days after the date on which the non-summary judgment motion is filed. (*Id.* at 23). Because the Motion to Dismiss was filed on December 12, 2024, the deadline for a responsive brief has passed. The court also reminded Defendant of this fact on December 27, 2024 when it directed the parties to file any responsive brief on or before January 2, 2025. (Doc. # 56). Because the non-movants did not do so, the court proceeds as if the Motion (Doc. # 53) had been fully briefed.

realignment must exist at the time of filing the original suit." *Texas Pac. Coal & Oil Co. v. Mayfield*, 152 F.2d 956, 957 (5th Cir. 1946).[2]

"The necessary collision of interest has to be determined from the principal purpose of the suit, and the primary and controlling matter in dispute." *Zurn Indus., Inc. v. Acton Constr. Co., Inc.*, 847 F.2d 234, 236 (5th Cir. 1988) (quoting *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941)). "Realignment is appropriate only if the interests of the realignment parties are manifestly the same." *Andalusia Enters., Inc. v. Evanston Ins. Co.*, 487 F. Supp. 2d 1290, 1296-97 (N.D. Ala. 2007).

The action before the court seeks to determine who is responsible for an overhead cable falling across I-65 and colliding with Plaintiff's car. (Doc. # 19 at 2 ¶ 5). After the parties engaged in some initial discovery, they received "three reports prepared by third-party laboratory SGS/TEC Services" (Doc. # 44 at 1), which led Alabama Power Company to file a crossclaim against Co-Defendant Spectrum Southeast, LLC for breach of its pole attachment agreement. (*Id.*). Following the filing of this crossclaim, the court granted Plaintiff's Motion to Dismiss Claims Against Alabama Power Company. (Doc. # 51). The sole remaining causes of action against Spectrum Southeast, LLC are Plaintiff's claims (Doc. # 23) and Alabama Power Company's Crossclaim. (Doc. # 43).

For this reason, Alabama Power Company shares with Plaintiff the same "principal purpose of the suit," which is to allow both parties to recover from Spectrum. *See Zurn Indus., Inc.*, 847 F.2d at 236 (quoting *Chase Nat'l Bank*, 314 U.S. at 69). Further, the "controlling matter[s] in dispute" are the damages suffered by Alabama Power Company and Harris due to the Spectrum

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

pole attachment, which Alabama Power Company and Harris contend caused Alabama Power Company's power pole to be pulled down by an 18-wheeler traveling south on I-65. *Id.*; (*see also* Doc. # 53 at 2 ¶ 6). Finally, "[f]acts forming the basis of realignment," which are the ownership and composition of the power poles, attachments, and cables, existed at the time Plaintiff filed the original suit. *Mayfield*, 152 F.2d at 957.

Realignment of the parties in the manner requested by Alabama Power Company is thus appropriate. For the reasons outlined above, the court finds that Alabama Power Company's and Harris's interests "are manifestly the same" in this action. Therefore, realignment is necessary. Defendant/Counterclaim Plaintiff Alabama Power Company's Motion to Realign Parties (Doc. # 53) is **GRANTED**, and Defendant Alabama Power Company is realigned as a plaintiff.

**DONE** and **ORDERED** this January 3, 2025.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE